J. BEN EVERETT
BERNARD J. EVERETT
EVERETT LAW, PLLC
217 East Park Street
P.O. Box 969
Anaconda, Montana 59711
Telephone: 406-563-5005
Fax: 406-563-0380
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SABINE STRONG,<br><br>        Plaintiff,<br>v.<br><br>ANACONDA SCHOOL DISTRICT 10,<br><br>        Defendant. | Cause No. CV-15-41-BU-SEH<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF SABINE STRONG by and through her attorneys and for her cause of action against the defendant, for which she demands a jury trial, claims and alleges as follows:

1.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the district courts have original jurisdiction over all civil actions arising under 29 U.S.C. § 206(d)(1).

1   COMPLAINT AND DEMAND FOR JURY TRIAL

**2.**

Plaintiff SABINE STRONG resides in Anaconda-Deer Lodge County, Montana and has an AAS Degree in Information Technology.

**3.**

Defendant ANACONDA SCHOOL DISTRICT 10 is a public school and a political subdivision of the State of Montana located in Anaconda-Deer Lodge County, Montana.

**4.**

In approximately 2004, Defendant ANACONDA SCHOOL DISTRICT 10 created the position of Technology Coordinator as a salaried position paying approximately $43,775.00 per year.

**5.**

On or about July of 2005, Defendant ANACONDA SCHOOL DISTRICT 10 hired Plaintiff SABINE STRONG as its Software Specialist at an initial wage rate of $12.50 or approximately $21,946.80 annually.

**6.**

From 2004 through 2008, Defendant ANACONDA SCHOOL DISTRICT 10 hired three males into its Technology Coordinator position.

7.

On or about April of 2008, the Technology Coordinator resigned. Thereafter, Defendant ANACONDA SCHOOL DISTRICT 10 advertised its open Technology Coordinator position at a salary range of $45,000.00 - $50,818.00 per year. The position was left unfilled from April of 2008 until on or about July 14, 2008. During this time period, Defendant ANACONDA SCHOOL DISTRICT 10 required Plaintiff SABINE STRONG to perform its Technology Coordinator duties and its Software Specialist duties at the wage rate of a Software Specialist and without any additional compensation for performing the Technology Coordinator duties.

8.

In July 2008, Defendant ANACONDA SCHOOL DISTRICT 10 hired a male, Kenneth Wood, for the 2008-2009 fiscal year at a 6-month salary of $23,019.23.

After working only a few days in July, 2008, Kenneth Wood resigned as the Technology Coordinator. Defendant ANACONDA SCHOOL DISTRICT 10 once again required Plaintiff SABINE STRONG to perform its Technology Coordinator duties and its Software Specialist duties at the wage rate of a Software Specialist and without any additional compensation for performing the Technology Coordinator duties.

9.

On or about November 12, 2008, the Board of Trustees for Defendant ANACONDA SCHOOL DISTRICT 10 approved additional compensation to Plaintiff SABINE STRONG for covering the duties of the vacated Technology Coordinator position of $3,000.00 for past work performed. It also raised Plaintiff SABINE STRONG's wage by an additional $2.00 per hour from $14.50 per hour to $16.50 per hour or $34,320.00 annually until the Technology Coordinator positon was filled.

10.

From on or about April of 2008 through the present time, and other than for a few days in July of 2008 when Kenneth Wood was the Technology Coordinator, Defendant ANACONDA SCHOOL DISTRICT 10 has required Plaintiff SABINE STRONG to perform the duties of its Technology Coordinator position and its Software Specialist position. During this time frame, Defendant ANACONDA SCHOOL DISTRICT 10 has paid Plaintiff SABINE STRONG at a significantly lower rate of pay than defendant ANACONDA SCHOOL DISTRICT 10 contracted with each of its predecessor male Technology Coordinators.

## 11.

Plaintiff SABINE STRONG has requested Defendant ANACONDA SCHOOL DISTRICT 10 pay her equally to the preceding male Technology Coordinators. Defendant ANACONDA SCHOOL DISTRICT 10's Board of Trustees denied her request for equal pay.

## COUNT ONE
## EQUAL PAY ACT VIOLATION

## 12.

Plaintiff SABINE STRONG re-alleges the allegations set forth in paragraphs 1-11 of this complaint.

## 13.

From on or about April of 2008 through the present time, Defendant ANACONDA SCHOOL DISTRICT 10 has issued Plaintiff SABINE STRONG discriminatory paychecks on a monthly basis. Each paycheck is a discreet act of discrimination actionable under 29 U.S.C. § 206(d)(1).

## 14.

Defendant ANACONDA SCHOOL DISTRICT 10 discriminated against Plaintiff SABINE STRONG on the basis of sex in violation of 29 U.S.C. § 206(d)(1) by paying wages to Plaintiff SABINE STRONG, a female employee, at a rate significantly lower than the rate at which it paid its male Technology Coordinators for equal work in the Technology

5   COMPLAINT AND DEMAND FOR JURY TRIAL

Coordinator position which required equal skill, effort, and responsibility, and which was performed under similar working conditions.

**15.**

Defendant ANACONDA SCHOOL DISTRICT 10's violation of 29 U.S.C. § 206(d)(1) was willful.

**16.**

As a direct and proximate result of Defendant ANACONDA SCHOOL DISTRICT 10's Equal Pay violation, Plaintiff SABINE STRONG has suffered and will continued to suffer loss of income and benefits until this problem is remedied.

WHEREFORE, Plaintiff SABINE STRONG prays judgment against Defendant NACONDA SCHOOL DISTRICT 10 as follows:

1. Back pay for lost wages that she would have received but for defendant's discrimination from August 2012 through the date of trial.
2. Liquidated damages in an amount equal to the back pay awarded.
3. A promotion.

4. Reasonable attorney fees to be paid by the defendant, and costs of the action.

5. Any further relief the court deems proper to make the Plaintiff whole.

DATED THIS 31st DAY OF JULY, 2015.

EVERETT LAW, PLLC

BY: _____
J. BEN EVERETT
Attorney for plaintiff